**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PASCUAL MIGUEL ANDRES,

      Petitioner,

v.                                                              No. 1:26-cv-01622-DHU-SCY

MARKWAYNE MULLIN, Acting Secretary, U.S.
Department of Homeland Security; TODD BLANCHE,
Acting U.S. Attorney General; GEORGE DEDOS, Warden
of Cibola County Correctional Center; TODD LYONS,
Acting Director, Immigration and Customs Enforcement
and Removal Operations; MARY DE ANDA-YBARRA,
Regional Director, Field Office Director of Enforcement and
Removal Operations, Immigration and Customs Enforcement,

      Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Pascual Miguel Andres' Petition for Writ

of Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that Respondents have unlawfully

detained him without a bond hearing, in violation of the Immigration and Nationality Act ("INA")

and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 64-66, 71-74.[1] He asks this Court to

order Respondents to immediately release him from custody, or, in the alternative, order

Respondents to provide him with an individualized, constitutionally compliant bond hearing

within fifteen (15) days. *Id.* at 19. Having considered the parties' briefs and the relevant law, the

Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus, and orders

---

[1] Petitioner also argues that Respondents have violated their own regulations. *Id.* ¶¶ 67-70.
However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process
claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303
F.3d 1222, 1232 (10th Cir. 2002).

1

Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ")

pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

## I.
## BACKGROUND

1.  Petitioner is a native and citizen of Guatemala who entered the United States without inspection in February 2008. *Id.* ¶ 22. Since his entry, Petitioner has accrued no criminal history. *Id.* ¶ 30.

2.  Following his entry, Petitioner established a life in the United States. He has a family, including a five-year-old U.S. citizen child. *Id.* ¶ 25. He works as a landscaper. *Id.* ¶ 24.

3.  On or about June 29, 2025, Petitioner encountered state troopers during a traffic stop in Florida and was subsequently transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* ¶ 26.

4.  Petitioner was issued a Notice to Appear and placed in removal proceedings. *Id.* ¶ 27.

5.  He was eventually transferred to the Cibola Correctional Center in Milan, New Mexico, where he remains detained. *Id.* ¶ 31.

6.  While detained, Petitioner filed an Application for Cancellation of Removal. *Id.* ¶ 28.

7.  On May 18, 2026, the Immigration Judge ("IJ") denied Petitioner's Application. *Id.* Petitioner's removal proceedings remain ongoing; he does not have a final Order of Removal. *Id.*

8.  While detained, Petitioner also submitted a bond redetermination request. *Id.* ¶ 29. Petitioner was provided with a bond hearing, where the IJ denied his bond redetermination request, concluding that she did not have jurisdiction based on *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.*

On May 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition"). In his Petition, Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a) because he was already residing in the United States when he was detained and is, therefore, eligible for release on bond. *Id.* ¶ 65. Petitioner further argues that his continued detention, following the issuance of *Hurtado*, violates his due process rights. *Id.* ¶¶ 71-74. He asks this Court to: 1) assume jurisdiction over this matter; 2) set the matter for expedited consideration; 3) declare that no statute or regulation prohibits an IJ from holding a custody redetermination hearing for him, and that he is properly detained, if at all, under § 1226(a); 4) issue a Writ of Habeas Corpus and order his immediate release, or order that Respondents conduct an individualized, constitutionally compliant bond hearing within fifteen (15) days where the Government bears the burden, or order his release within fifteen (15) days unless Respondents provide him with such a bond hearing before an IJ; 5) order Respondents to return his personal items; 6) award him attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and 7) grant any other and further relief that this Court deems just and proper. *Id.* at 19-20.

Also, on May 20, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO"). Doc. 2. In the Motion for TRO, Petitioner once again asks this Court to order Respondents to release him, or, in the alternative, provide him with a bond hearing. *Id.* at 1.

On May 21, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten (10) business days. Doc. 4. That same day, the Court also issued a Minute Order notifying the parties that the Court intended to rule on Petitioner's Motion for TRO without a hearing, and ordering Respondents to file a response to the Motion by May 28, 2026, at 4:00 PM (MDT). Doc. 5.

3

On May 28, 2026, Respondents filed their response to the Habeas Petition. Doc. 8. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of §§ 1225 or 1226. *Id.* at 1. Respondents' position is that Petitioner is subject to mandatory detention under § 1225(b) based on the plain language of the statute. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* They further concede that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 2 n. 2.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that his prolonged detention without a meaningful bond hearing violates the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

**III.**
**DISCUSSION**

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, this Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026).; *see also Velasquez Salazar v. Dedos*, 806 F.Supp.3d 1231 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 -DHU-KK (D.N.M. Feb.3, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293-DHU-SCY (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125-DHU-JFR (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175-DHU-LF (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[2] Petitioner, who entered the United States over eighteen years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure

---

[2] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order, which is on or before Tuesday, June 9, 2026. If Petitioner does not receive such a hearing on or before Tuesday, June 9, 2026, he shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Tuesday, June 9, 2026, confirming whether a bond hearing was held and the result of said hearing.

As for Petitioner's request to recover costs of suit and attorney fees, Petitioner may submit an application for such fees and costs within thirty (30) days of this Order pursuant to the EAJA, 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE